## I. S. WILKINS v. THE OMAHA AND COUNCIL BLUFFS RAILWAY AND BRIDGE COMPANY, Appellant.

**Jury Question.** The evidence tended to show that plaintiff was driving an enclosed wagon. He had to lean out to look back. He did look and saw no car coming, and the same happened a block further on. Still another block on he was struck by a car coming from the rear. He was driving between track and curbing, the width of the space was nine feet four inches, into which the car projected eighteen inches. His horse was walking. He was attentive but heard no car. The car was running down grade at a high rate of speed and no signal was given. *Held*, a verdict for plaintiff will not be disturbed.

**Damages** held not to be excessive.

**Evidence.** Without proof that cars on all lines are of the same character and operated under the same conditions, it cannot be shown how far a car could be heard on one line by testimony how far cars could be heard on another.

**Instructions.** The fact that a warning was sounded and that plaintiff thereafter left the track does not warrant an instruction that a subsequent increase of speed of the car could not be complained of by plaintiff. It ignores that the car employes may have had reason to believe that plaintiff did hear the warning and that would not act on account of it.

**SAME.** The fact that a car could be heard when between from one hundred and five hundred feet away does not entitle defendant to a verdict. It may not have been possible for plaintiff to have avoided collision if he first heard the car when one hundred feet distant, and though plaintiff was negligent, the motorman may have known of plaintiff's presence, and his negligence, without making effort to avoid injuring him.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

FRIDAY, JANUARY 24, 1896.

Action at law to recover damages alleged to have been caused by negligence on the part of the defendant. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Wright & Baldwin* for appellant.

*Harl & McCabe* for appellee.

Robinson, J.—In October, 1892, the plaintiff was employed in delivering merchandise, and for that purpose used a horse and wagon. The defendant was engaged in the business of operating an electric street railway in the city of Council Bluffs, and one of its lines was on South First street. On a day in the month named, the plaintiff was driving northward on that street, between the street-car track and the curbing, when his wagon was struck by a car of the defendant, and broken, his horse was knocked down, and so hurt that he died in a short time, his harness was damaged, and he received serious personal injuries. He alleges that the collision was without fault on his part, and that it resulted from negligence on the part of the defendant in running the car down a steep grade at so high a rate of speed that it could not be checked within a reasonable distance, and in attempting to run it past the plaintiff at a high rate of speed, at a point where the space between the track and the curbing on which the plaintiff was going was too narrow to make the attempt safe, without giving any warning by sounding the gong, or other means. The

defendant denies liability on its part, and avers that negligence of the plaintiff contributed to the injuries of which he complains. The verdict was for two thousand five hundred dollars, and judgment was rendered for that amount and costs.

I. The appellant complains of the refusal of the court to give an instruction asked in words as follows: "(1) If you find, from the evidence, that when the plaintiff was first seen by the employes of the defendant in charge of the car in question, he was on, or partly on the track, and that thereupon the bell was rung or the gong sounded, and thereafter the plaintiff left the track, and went to the side thereof, and that then the car was increased in motion, no complaint can be made of the conduct of the defendant in increasing the speed, as the employes in charge of the car would have the right to suppose that the plaintiff left the track because of the warning given, and they would have the right to increase the speed of the car." This instruction was properly refused. If the plaintiff left the track, as stated in the instruction, he might not have done so in consequence of hearing the gong or bell, and his subsequent course may have shown to the employes in charge of the car that he was driving without regard to it. The motorman in charge of the car at the time of the accident testified, by deposition, that the plaintiff, just before it occurred, "did not altogether hug the curb line, but was a little out and in driving along there," and that he "did not drive very straight, after he saw him, that he was in and out toward the curbing, and then away from it." The witness subsequently gave somewhat different testimony, but the jury were authorized to find that his first testimony was correct. The instruction ignored the fact that the employe in

charge of the car may have known, or have had rea-
son to believe, that the plaintiff was not aware of the
approach of his car until too late to avoid the colli-
sion.    The court charged the jury as follows:   "If,
however, when the plaintiff was first visible to the
employes on the car, the motorman applied the
brakes, and sounded the gong, and continued to do
so until a short distance before the car overtook the
plaintiff; and if, at such point, the plaintiff turned off
or from the track, and was apparently going to one
side to give the car an opportunity to pass; and if the
motorman believed, and in the exercise of reasonable
precaution and foresight had the right to believe,
from all the circumstances then before him, that
plaintiff had heard the signal, and in answer thereto
had turned to one side; and you further find that,
thereupon, the motorman removed the brakes and
increased the speed of the car; and you further find
that the plaintiff then drew in toward the track, and
that the employes were unable to stop the train and
avoid the collision after they had discovered such
movement on plaintiff's part; and you further find
that, at the time, the motorman believed, and in the
exercise of reasonable precaution and foresight had
reason to believe, that he could pass the plaintiff with-
out colliding with him or endangering him,—then the
defendant will not be liable.   *   *   *"   This was cor-
rect, and as favorable to the defendant as it should
have been.

   II.   The defendant asked the court to instruct
the jury as follows:   "(3) If you find, from the testi-
mony in this case, that the noise of the movement of
the car in question, regardless, now, of the ringing of
the bell or sounding of the gong, would be of such
volume and character as that the same could be heard
from 100 to 500 feet distant, by a person in a vehicle

of such a kind as the plaintiff was in at the time, traveling ahead of the car, then your verdict should be for the defendant in the case; for, in view of this testimony, it is in vain for the plaintiff to say that he listened for the approach of the car and did not hear it, and then start directly towards the track in question to cross the same, or to change his course so as to come so close to the track as to collide with the car." The instruction was properly refused. Whether, if the car could have been heard one hundred feet, the plaintiff was negligent in not hearing it, depends somewhat upon the speed of the car and his ability to have avoided the danger, if he first knew of the approach of the car at that distance. Moreover, if the danger to the plaintiff and his negligence were known to the motorman, he was not justified in making no effort to avoid the collision, a fact which the instruction ignores. The jury were charged that it was the duty of the plaintiff "to give that attention and watchfulness to his rear as would be required of an ordinary intelligent man under like circumstances. He would be required to use all the ordinary means of learning if a car was approaching from behind, and to get out of the way of it, and permit it to have a free and unobstructed passage over the tracks." His duty in this respect was also explained and made plain by other portions of the charge, and the jury were instructed in regard to it fully and accurately.

III. Complaint is made of the refusal of the district court to give certain other instructions asked, and of portions of the charge given. The questions thus presented are not of sufficient importance to be considered separately. It is enough for us to say that, so far as instructions refused were correct, they were, in substance incorporated in the charge given. The portions of them which are criticised, when consid-

ered with the charge as a whole, appear to be correct. We are of the opinion that the jury were instructed fully and correctly, and that the complaints of the appellant in regard to the charge are not well founded.

IV.   Evidence offered by the defendant in regard to the distance at which cars on the different lines of its system other than that on which the accident occurred could be heard was rejected and of that complaint is made.  We think the ruling was correct.  The defendant failed to show that the cars to which the rejected evidence referred were of the same character and operated under the same conditions as was the one in question at the time of the accident.

V.   The appellant contends that the evidence does not sustain the verdict.  The jury was authorized to find that facts were established by the evidence as follows:  Just before the accident the plaintiff delivered a package on South First street at the residence of a Mr. Green.  He then drove northward on that street.  He was sitting in his wagon, which had an inclosed top, made of boards, so constructed as to make it necessary for the plaintiff to lean outside his wagon in order to see the street in his rear.  When he left Green's he looked for a car, but none was in sight.  After driving about one block, he looked out, and could see two blocks in his rear, but could not see a car.  His horse was walking and he was attentive to sounds, but did not hear a bell or gong or other noise indicating the approach of a car.  The one which caused the accident came from the rear, and he first knew that it was near when it struck his horse and wagon at a point about two blocks from Green's.  He was driving between the railway track and the curbing, and the space between them at the place of the accident was nine feet four inches in width, and the car projected over the rail a distance of

eighteen inches. The car was running down grade at a high rate of speed, and neither the bell nor the gong was sounded, nor other signal of approach of the car given. The plaintiff was free from fault, and the accident was caused by negligence on the part of the defendant in running the car down a descending grade too rapidly, and in failing to give proper notice of its approach. The evidence was ample to justify a verdict for the plaintiff.

VI. It is said the amount of the recovery is excessive. The horse was worth fifty dollars before it was injured, and nothing afterwards. The damage to the wagon was forty dollars, and to the harness about five dollars. The plaintiff was thrown from the wagon, and fell with his left hip on the curbstone. He was under his horse, which was on his chest, and received injuries in his head, chest, and left hip, and has suffered much pain. There is frequent numbness in his hip, and in one of his legs, and an inability to use it properly. It is probable that the sciatic nerve is injured, and it is uncertain whether he will ever recover. His disability was considerable at the time of the trial, which occurred nearly one year after the accident. At the time of the accident the plaintiff was earning about two dollars and fifty cents per day besides his expenses. His capacity for earning money since the accident is not shown, although his earnings appear to have been small, and his sufferings do not appear to have been severe. We are not wholly satisfied with the amount of the recovery, but a consideration of all the evidence leads us to conclude that we are not authorized to say that it is excessive. No sufficient ground for disturbing the judgment of the district court is shown, and it is *affirmed*.